## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Case No.: _____**

STEVEN R. OLSON and VINCENZA OLSON,

               Plaintiffs,

v.

CALIBER HOME LOANS, INC.,

               Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant, Caliber Home Loans, Inc. ("Caliber"), removes the action pending in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida, Case No. 2017-CA-01198. The Pasco County Circuit Court is within the Tampa Division of the Middle District of Florida. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because Plaintiffs, Steven and Vincenza Olson ("Plaintiffs" or the "Olsons"), have brought claims for alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"), both federal statutes, and have raised a state law claim under the Florida Consumer Collection Practices Act ("FCCPA") which form part of the same case or controversy as Plaintiffs' federal claims.

## II. PROCEDURAL BACKGROUND AND COMPLIANCE

Plaintiffs filed his action in state court on April 12, 2017.[1]  Caliber was served with a copy of the complaint on April 27, 2017, and the deadline to remove this action is thirty days from the date of service.  *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008) ("we interpret § 1446(b) to permit each defendant thirty days [following service of process] in which to seek removal.").  Accordingly, Caliber's deadline for removal is May 27, 2017.  Therefore, this notice is timely pursuant to 28 U.S.C. § 1446(b).

Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached, in chronological order, as **Composite Exhibit B**, in compliance with 28 U.S.C. § 1446(a).  Caliber will file any supplemental papers not available as of the date of this notice if same becomes necessary.

Contemporaneous with the filing of this notice of removal, Caliber has served a notice of filing notice of removal upon Plaintiffs as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached hereto as **Exhibit C**.  The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

Caliber is the only defendant named in this action, and it may remove the action without seeking the consent of any other party.  *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

## III. SUMMARY OF THE GROUNDS FOR REMOVAL

Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  The primary basis of Plaintiffs' claims is Caliber's alleged violation of the TCPA, 47

---

[1] An updated and correct copy of the Pasco County Circuit Court's progress docket is attached hereto as **Exhibit A**.

U.S.C. § 227, and the FDCPA, 15 U.S.C. § 1692, *et seq.*  Accordingly, this Court has original jurisdiction over them.  Additionally, Plaintiffs' state law claim under the FCCPA, Fla. Stat. §§ 559.55–785, Fla. Stat. (2010), is subject to this Court's supplemental jurisdiction under 27 U.S.C. § 1367(a), as it forms part of the same case or controversy as Plaintiffs' federal claims.

**A.**     **Plaintiffs' Complaint Raises a Federal Question.**

Pursuant to 28 U.S.C. § 1331, United States District Courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see also Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F. 3d 1268, 1273 (11th Cir. 2010).  Accordingly, claims for violation of federal statutes properly give rise to federal question jurisdiction, including violations of the TCPA and FDCPA. *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1274 (11th Cir. 2010); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1249 (11th Cir. 2014); *Dunning v. Portfolio Recovery Assocs.*, LLC, 903 F. Supp.2d 1362, 1363 (S.D. Fla. 2012).

Federal courts answer "the question whether a claim 'arises under' federal law...by reference to the 'well-pleaded complaint.'"  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)).  Here, Plaintiffs' complaint asserts one count for violations of the FDCPA and two counts for violations of the TCPA.  *See* Comp. Ex. B at Compl., pp. 9-12. Because federal law created the sole foundation of these causes of action, these claims arise under federal law.  *See Merrell Dow Pharm. Inc.*, 478 U.S. at 808.  Accordingly, Plaintiffs have raised a federal question by bringing an action arising under the laws of the United States, which invokes the original jurisdiction of this Court.  Therefore, removal is proper.

**B.**      **This Court Has Supplemental Jurisdiction Over Plaintiffs' FCCPA Claim.**

In addition to their federal claims, Plaintiffs' complaint asserts one count for violations of the FCCPA. *See* Comp. Ex. B at Compl., pp. 8-9. Pursuant to 28 U.S.C. § 1367(a), "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* In this case, Plaintiffs' claim under the FCCPA derives from a common nucleus of operative fact as their claims under the TCPA and FDCPA. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678-679 (11th Cir. 2012). Specifically, all claims concern the same alleged debt collection communications by Caliber to the Plaintiffs, all with respect to the same mortgage loan debt. *See Deutsche Bank Nat'l Trust Co. v. Diamond*, Case No. 6:16–cv–2234–Orl–37DCI, 2017 WL 587253, at *2 (M.D. Fla. Feb. 14, 2017); *Jean-Baptiste v. Business Law Group, P.A.*, Case No. 8:16-cv-2027-T-33AEP, 2016 WL 4163574, at *4-5 (M.D. Fla. Aug. 4, 2016). As such, since Plaintiffs' FCCPA claim forms part of the same case or controversy as the federal claims over which this Court has original jurisdiction, this Court has supplemental jurisdiction over the FCCPA claim pursuant to 28 U.S.C. § 1367(a), and therefore, removal of the state law claim is also proper.

**C.**      **This Action is Filed in Pasco County, Located in the Tampa Division of this Court.**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Here, Plaintiffs' action has been filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida. Pasco County is located in

the Tampa Division of this Court.  Thus, and without conceding that the current venue (Pasco County) is appropriate based on the residence of the Plaintiffs, Defendant states that removal to the Tampa Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal to this Court is proper because this action falls within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  Plaintiffs have brought a civil action for violation of the laws of the United States, specifically of two federal statutes (the FDCPA and TCPA), thus invoking the original federal question jurisdiction of this Court.  Additionally, Plaintiffs' state law claim, for violation of the FCCPA, forms part of the same case or controversy, and as such, are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Caliber has met all procedural requisites for removal, and this notice is timely filed.  As such, Caliber respectfully requests this Court take jurisdiction and conduct all further proceedings in this case.

Respectfully submitted May 25, 2017.

By: /s/ Eve A. Cann
    Eve A. Cann
    Florida Bar No.: 40808
    *ecann@bakerdonelson.com*
    Spencer D. Leach
    Florida Bar No.: 110753
    *sleach@bakerdonelson.com*
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ, PC**
    100 S.E. Third Avenue, Suite 1620
    Fort Lauderdale, Florida 33394
    Telephone:  (954) 768-1600
    Telecopier:  (954) 333-3930

    *Counsel for Defendant, Caliber Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2017, I served the foregoing document by e-mail and/or

U.S. Mail to the following:

Rebbecca A. Goodall, Esq.
Andrew M. Lyons, Esq.
The Lyons Law Group, P.A.
4103 Little Road
New Port Richey, FL 34655
pleadings@lyonslawgroup.com
rgoodall@lyonslawgroup.com
*Attorney for Plaintiffs*

By:     */s/ Eve A. Cann*
        Eve A. Cann