Filing # 54954776 E-Filed 04/12/2017 08:07:33 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN
AND FOR PASCO COUNTY, FLORIDA

STEVEN R. OLSON AND
VINCENZA OLSON, individually,

        Plaintiffs,

Case No.

v.

CALIBER HOME LOANS, INC.,

        Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Plaintiffs, Steve R. Olson and Vincenza Olson, by and through the undersigned attorney, hereby request that the Defendant, Caliber Home Loans, Inc. admit or deny the following statements:

### Instructions & Definitions

1. If you interpose an objection to providing the requested information please set forth the following:

   a. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

   b. If your objection is based upon the work product doctrine, set forth the following information:

      i. The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law or common law authority for such an objection.

      ii. If your objection is based upon the work product doctrine, set for the following information:

         1. Whether or not the requested information exists and the general nature or such items (ex. tape recording of Plaintiff).

         2. IDENTIFY the individuals who have possession of the requested information.

       3. The date the requested information or items were created and the date same was obtained by you.

    iii. If any objection is made based upon acclaim of privilege as to any response, Defendant shall state the legal basis for the privilege Defendant is invoking and provide a default privilege log to support the invocation of such privilege.

    iv. Provide any and all information or items which fall within the scope of the request and against no objection is asserted or applicable.

2. If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for four (4) years prior to that date.

3. The "Defendant", "You", or "Your" refers to the named Defendant, Caliber Home Loans, Inc.

4. The "Plaintiff" or "Plaintiffs" refers to the named Plaintiffs, Steven R. Olson and Vincenza Olson.

5. The "Complaint" refers to the most recent Complaint filed in the above styled action.

6. The "Account" refers to Defendant's account number, loan number, or reference number xxxxxx2653.

7. The "Debt" refers to the amount of money allegedly owed by the Plaintiffs on the Account.

8. "Collections" or "Collection Activity" refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters, and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

## REQUESTED ADMISSIONS

1. The Defendant is a debt collector or creditor as defined by Fla. Stat. § 559.55(7).

2. The Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6).

3. The Debt which is the subject of the above styled action was at all material times a "consumer debt" as defined in Fla. Stat. 559.55(6).

4. The Debt which is the subject of the above styled action was at all material times a "consumer debt" as defined in 15 U.S.C. § 1692a(5).

5. Defendant received a copy of the Notice of Representation sent by legal counsel on or about December 10, 2013.

6. Defendant sent correspondence confirming knowledge of Plaintiffs' representation by legal counsel on or about October 20, 2014.

7. Defendant telephoned Plaintiffs during calendar years 2013 to 2016.

8. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

9. Defendant called Plaintiffs with telephone equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator and/or dialing calls without human intervention.

10. At all times relevant to the complaint herein, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

11. The Defendant's employees are not monitored by the Defendant in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

12. The Defendant's employees are not provided educational training in order to ensure compliance with the local, state, or federal laws, codes, or regulations with regard to Collection Activity.

13. Plaintiffs explicitly, and in writing, revoked consent to be contacted on their cellular telephone by Defendant.

14. Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant, as a result of such intrusions and invasions of privacy.

3

ANSWERS OR OBJECTIONS, if any, must be served upon the undersigned attorney, at the below notes address, on or before forty-five (45) days after service of the Request for Admissions. Otherwise, these Statements shall be deemed admitted.

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Steven R. Olson and Vincenza Olson

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee via Service of Process, as follows:

Caliber Home Loans, Inc.
c/o CT Corporation System
1200 S. Pine Island Rd.
Plantation, FL 33324

/s/ Rebbecca A. Goodall
Rebbecca A. Goodall, Esq.