IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN
AND FOR PASCO COUNTY, FLORIDA

STEVEN R. OLSON AND
VINCENZA OLSON

                                                  Case No.:

     Plaintiffs,

v.

CALIBER HOME LOANS, INC.,

     Defendant.
_____/

## COMPLAINT

Plaintiffs, Steven R. Olson and Vincenza Olson ("Plaintiffs" or "Olson"), by and through their undersigned counsel, hereby file this Complaint against Defendant, Caliber Home Loans, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, and allege as follows:

### JURISDICTION

1. This is an action for damages exceeding $15,000.00 brought by Steven R. Olson and Vincenza Olson against Caliber Home Loans, Inc., for repeated violations of the Florida Consumer Practices Act, Fla. Stat. § 559.72, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. ("TCPA").

2. Jurisdiction and venue for purposes of this action are proper in Pasco County, Florida, and are conferred by Fla. Stat. by § 559.77, 15 U.S.C. § 1692(d), and 47 U.S.C. § 227(b)(3).

3. This Court has personal jurisdiction over Defendant because it has submitted to Florida jurisdiction by registering with the Secretary of State to do business in the state of

Florida, and a substantial part of the wrongful acts alleged in this Complaint were committed in Pasco County, Florida.

## PARTIES

4. Plaintiff, Steven R. Olson, is a natural person who resides in Florida. He is a "consumer" or a "person" affected by a violation of the FDCPA and FCCPA as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k, and 47 U.S.C. § 153(39).

5. Plaintiff, Vincenza Olson, is a natural person who resides in Florida. She is a "consumer" or a "person" affected by a violation of the FDCPA and FCCPA as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692k, and Fla. Stat. § 559.55(8).

6. At all times material hereto, Plaintiffs are "debtors" as defined by Fla. Stat. 559.55(8). Plaintiffs have been the object of collection activity.

7. Defendant, Caliber Home Loans, Inc. ("Defendant" or "Caliber"), is a Delaware corporation with its principal place of business in Irving, Texas. Defendant is registered to do and is doing business in Florida and throughout the United States.

8. Defendant is a "debt collector" as that term is defined under 15 U.S.C. 1692(a)(6) and Fla. Stat. § 559.55(7).

9. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

## FACTUAL ALLEGATIONS

10. On or about December 30, 2004, Plaintiffs, Steven R. Olson and Vincenza Olson, purchased real property located at 10275 Egret Avenue, Brooksville, Florida 34613 (the "Property").

11. Olson financed the purchase of the Property through a mortgage from The Bank Brevard ("Mortgage Account").

12. The alleged Debt was a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

13. Upon information and belief, on or around April 8, 2013, the Debt was assigned, placed or otherwise transferred to Caliber for collection.

14. On or about October 20, 2013, Caliber filed a foreclosure action against Olson styled *Caliber Home Loans, Inc. v. Steven R. Olson, et al.,* Case No. 2012-CA-02260 (Fifth Judicial Circuit, Hernando County, Florida) (the "Debt Collection Action").

15. Shortly thereafter Olson retained legal counsel, Andrew Lyons, Esq. to represent them with respect to the Debt and defend the Debt Collection Action and debt collection.

16. On or about November 2013, Olson spoke with Caliber, or its employees or representatives, and informed Caliber that Olson was represented by legal counsel with respect to the Debt. Olson provided Caliber with the contact name and phone number for legal counsel.

17. During said call, Olson requested that the Caliber representative cease and desist all direct communication with them related to the Debt, and instead speak directly with their attorney.

18. On or about December 10, 2013, Andrew Lyons, Esq., filed his notice of appearance as counsel on behalf of Olson with the relevant Court and Caliber's legal counsel.

19. Notwithstanding Olson's verbal and written notifications regarding legal representation with respect to the Debt, Caliber continued to directly contact Plaintiffs via mail, on their cellular telephones, and at Plaintiff's work, in an attempt to collect the alleged Debt.

20. Throughout the months of November 2013 to April 2014, Caliber made no less than 19 phone calls to Olson's cellular telephone in an attempt to collect the Debt.

21. On or about October 20, 2014, Caliber sent correspondence further acknowledging Olson's legal representation by counsel with respect to the Debt. A true and correct copy of the correspondence is attached hereto as **Exhibit "A."**

22. Notwithstanding Olson having retained legal counsel, and Caliber having knowledge of this circumstance, Caliber has contacted Olson directly by mail and telephone, on multiple occasions for the purposes of collecting on the alleged Debt.

23. On or about October 30, 2015, Olson entered into a Consent to Final Judgment with Caliber. The Final Judgment was *in rem* only in regards to Olson's obligation towards the Debt. Caliber agreed to waive any deficiency judgment against Olson in the Debt Collection Action. Further, the Final Judgment ordered that the final judgment collect interest at the statutory interest rate of 4.75 per cent.

24. Notwithstanding Caliber having waived any claim to the Debt, by charging or threatening to charge additional interest upon a waived debt, Caliber was claiming, attempting or threatening to assert the existence of a legal right in violation of Fla. Stat. § 559.72(9), when Caliber had knowledge that such right and such Debt did not exist.

25. Specifically, since October 30, 2015, Caliber has contacted Olson via mail and phone, in an attempt to collect upon the debt by attempting to induce Olson to contact Caliber to pay the debt in direct contravention of the notice of legal representation and waiver of the Debt by Caliber.

26. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA

provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

27. Olson is the account holder of a Verizon cellular telephone numbers 352-279-8807 and 352-278-8813 and, pursuant to the terms of the contract, is charged for each call within the meaning of 47 U.S.C.§ 227(b)(1)(A)(iii).

28. Without Olson's prior express consent, Caliber repeatedly and willfully placed calls to Olson's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Fla. Stat. § 559.55(5)

29. Each telephone call Caliber made to Olson's telephone was made using an "automatic telephone dialing systems" ("ATDS") and/or artificial or prerecorded voice, as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

30. Many of these calls to Olson contained a pre-recorded and/or synthesized message in violation of the TCPA because they were sent to Olson without their prior express consent.

31. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Caliber never obtained Olson's prior express consent, and had no basis to believe that they had the Olson's prior express consent to make automated calls to their cell phone or to send them prerecorded and/or synthesized messages on their cell phone.

32. Caliber's repeated autodialed collection calls to Olson's cellular telephone, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

33. According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls, whether they pay in advance or after the minutes are used. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014 (2003).

34. Caliber's repeated letters and autodialed collection calls to Olson's cellular telephone, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d (5), 1692e, 1692e (2), 1692e (5), 1692e (10), 1692b (6), 1692f, and 1692f (1), amongst others.

35. Caliber's calls to Plaintiff on their cellular telephone were made for purposes of collecting a debt associated with their Mortgage Account.

36. Caliber did not obtain prior express consent to call Olson on their cellular telephone for purposes of attempting to collect debt associated with the Mortgage Account. Alternatively, any prior express consent obtained was revoked by: (1) Plaintiffs' affirmative withdraw of consent to be contacted by phone; and (2) by Plaintiffs' and his attorney's affirmative act of providing the name and contact information for legal counsel.

37. Caliber is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

## DAMAGES

38. Plaintiffs have sustained damages as defined by Fla. Stat. § 559.77, 15 U.S.C. § 1692k(a) and 47 U.S.C. § 227(b)(3).

39. Defendant has acted maliciously by engaging in a course of conduct intended to harass Olson.

40. Defendant is subject to and has violated the provisions of the FCCPA, FDCPA, and TCPA by willfully communicating with Plaintiffs with such frequency as can reasonably be expected to harass or abuse Plaintiffs —despite Plaintiffs' representation by legal counsel, by continuously contacting Plaintiffs by telephone and mail.

41. Plaintiffs have been damaged by these illegal calls because their privacy was improperly invaded, minutes were used from their cellular telephone plans, and they were forced to spend time tending to unwanted calls.

42. Defendant's persistent autodialed calls eliminated Plaintiffs' right to be left alone.

43. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiffs would have otherwise had.

44. As a direct and proximate result of the conduct and acts of Defendant mentioned above, Plaintiffs' excellent credit rating has been impaired and Plaintiffs have suffered emotional distress, disrupted sleep, marital instability, stress, anxiety, anger, embarrassment, humiliation and shame, all to Plaintiffs' damage. Plaintiffs further suffered fear of answering their own telephone.

45. Plaintiffs have incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against Defendant, and as allowed under Fla. Stat. § 559.77(2) and 15 U.S.C. § 1692k(a).

46. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs are entitled to an award of up to $500 in damages for each violation and $1,500 for each willful violation by Defendant.

47. All conditions precedent to the filing of this action have occurred or have been waived by Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER PRACTICES ACT, FLA. STAT. §§ 559.72 ET SEQ.

48. Plaintiffs incorporate by reference all the facts and allegations contained in the preceding paragraphs 1-47 as if fully set forth herein.

49. Defendant is subject to, and has violated provisions of Fla. Stat. § 559.72(18) by intentionally and repeatedly communicating with Plaintiffs after being given actual notice that Plaintiffs were represented by counsel with regard to the underlying Debt and Defendant had knowledge of, or could readily ascertain, the attorney's name and address.

50. Despite having knowledge of legal representation, Defendant sent multiple communications and placed multiple phone calls to Plaintiffs' cellular telephone in its attempt to collect the Debt.

51. Defendant is subject to, and has violated provisions of Fla. Stat. § 559.72(9) by (i) attempting to collect upon a Debt when the Debt is not legitimate and Defendants know such right does not exist since the parties entered into a settlement agreement and final judgment which specifically references that the judgment waived any deficiency and (ii) seeking an interest rate that is contrary to the court ordered Final Judgment.

52. Defendant is subject to, and has violated provisions of Fla. Stat. § 559.72(7) by willfully communicating with Plaintiffs with such frequency as can reasonably be expected to harass, and by willfully engaging in other conduct which can reasonably be expected to abuse or

harass Plaintiffs, by continuing to contact Plaintiffs repeatedly in an attempt to collect upon the Debt respite legal representation by counsel and a waiver of the Debt.

53. As a direct and proximate cause of Defendants' actions, Plaintiffs have sustained damages as defined by Fla. Stat. § 559.77.

**WHEREFORE,** Plaintiffs demand a trial by jury and request judgment:

    a. Enjoining Defendants from any and all further illegal collection practices;

    b. Statutory damages of $1,000, plus actual damages;

    c. For punitive damages;

    d. For attorneys' fees; and

    e. For such other and further relief as the court deems appropriate.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.

54. Plaintiffs incorporate by reference all the facts and allegations contained in the preceding paragraphs 1-47 as if fully set forth herein.

55. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692b(6), 1692f, and 1692f(1), amongst others.

56. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE,** Plaintiffs demand a trial by jury and request judgment:

    a. Enjoining Defendants from any and all further illegal collection practices;

    b.   Statutory damages of $1,000, plus actual damages;

    c.   For punitive damages;

    d.   For attorneys' fees; and

    e.   For such other and further relief as the court deems appropriate.

## COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.

57.    Plaintiffs incorporate by reference all the facts and allegations contained in the preceding paragraphs 1-47 as if fully set forth herein.

58.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs using an ATDS and/or artificial or prerecorded voice.

59.    As a result of the Defendant's violations of 47 U.S.C. § 227(b)(1)(A), Plaintiffs are entitled to an award of $500 in statutory damages for each and every call to their cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.    Plaintiffs are entitled to injunctive relief prohibiting Defendant from contacting the Plaintiffs on their cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE,** Plaintiffs demand trial by jury and request judgment:

    a.   Enjoining Defendant from any and all further calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system

 b. Statutory damages of $500 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiffs;

 c. For attorneys' fees and costs; and

 d. For such other and further relief as the court deems appropriate.

## COUNT IV
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A)

61. Plaintiffs incorporate by reference all the facts and allegations contained in the preceding paragraphs 1-47 as if fully set forth herein.

62. The foregoing acts and omissions of the constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class using an ATDS and/or artificial or prerecorded voice.

63. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs are entitled to treble damages of up to $1,500 for each and every call to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

64. Plaintiffs are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

65. Plaintiffs are also entitled to an award of attorneys' fees and costs.

**WHEREFORE,** Plaintiffs demand trial by jury and request judgment:

a. Enjoining Caliber Home Loans, Inc. from any and all further calls to the Plaintiffs' cellular telephone using an automatic telephone dialing system

b. Treble damages of $1,500 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiffs;

c. For attorneys' fees and costs; and

d. For such other and further relief as the court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Steven R. Olson and Vincenza Olson

Olson v. Caliber



P.O. Box 24610
Oklahoma City, OK 73124-0610

October 20, 2014

STEVEN R OLSON
C/O LYONS LAW GROUP
4103 LITTLE RD
PORT RICHEY, FL 34655

Caliber Account Number: 9801242653

Dear Counsel:

Caliber Home Loans, Inc. ("Caliber") is writing to acknowledge receipt of written communication informing Caliber that you are representing the borrower(s) in connection with the above-referenced account.

In accordance with the Federal Fair Debt Collection Practices Act, please be advised that you will receive all collections and account correspondence regarding the above-referenced account.

Please be aware that you will continue to receive all collections and account correspondence regarding the above-referenced account until you or the borrower(s) notify Caliber Home Loans, Inc. that you are no longer representing the borrower(s). If you are not representing the borrower(s) in connection with the above-referenced account, please contact Caliber's Account Resolution Department at 1-800-621-1437 so that the account may be updated appropriately. Representatives are available Monday through Thursday 8:00 a.m. to 9:00 p.m., Friday 8:00 a.m. to 7:00 p.m., and Saturday 8:00 a.m. to 4:00 p.m., Central Time.

Sincerely,

Account Resolution Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

# Exhibit A

3:27                                                                              20140718rev